# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL JOHN MORAN, III | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-19-2070 |
| GREGORY JOSEPH SERIO, | * | |
| Defendant | * | |

***

## **MEMORANDUM**

The self-represented plaintiff, Daniel John Moran, III, filed the above-captioned lawsuit (ECF 1), together with a Motion to Proceed in Forma Pauperis. ECF 2. Because he appears indigent, the motion shall be granted.

The complaint raises claims that Defendant Gregory Joseph Serio has harassed, slandered, and defamed plaintiff for nearly a year. ECF 1 at 6. Plaintiff states that after he sent Serio a cease and desist letter in early July of 2019, Serio's conduct worsened. Plaintiff clams that Serio has encouraged people to stalk Plaintiff, has distributed photographs of Plaintiff listing his former address, and has otherwise threatened Plaintiff. *Id*. Further, Plaintiff states that Serio's conduct has traumatized him and damaged his career as a party entertainer. *Id*. at 7. He seeks compensatory damages. *Id*.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to construe liberally

the pleadings of self-represented litigants, such as plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff invokes this court's federal question jurisdiction. This court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff attempts to characterize his harassment, slander, and defamation claims as federal causes. He cites 28 U.S.C. § 4101 as the basis for his claim. But, 28 U.S.C. §4101 relates to the recognition of judgments in defamation claims rendered by foreign courts and is inapplicable here. The label applied to a cause of action does not change the characteristics of the cause of action and convert it into a federal claim. The facts alleged by Plaintiff are, at best, State causes of action. Those claims, however, may not be brought in this court where there is no basis for this court's diversity jurisdiction. *See* 28 U.S.C. § 1332 (requiring parties to be citizens of different States and the amount in controversy to be $75,000 or more). Here, both Plaintiff and Defendant appear to be domiciled in Maryland.

Therefore, the Complaint must be dismissed, without prejudice, for lack of jurisdiction. A separate Order follows.

September 12, 2019  /s/
Date Ellen L. Hollander
United States District Judge